IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Wilkes-Barre Division)

| | |
|---|---|
| In re Mayra Ruiz<br>aka Mayra Belen Ruiz<br>aka Mayra B Ruiz,<br><br>Debtor. | CASE NO. 5:19-bk-04663-RNO<br><br>CHAPTER 7 |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust<br><br>Movant,<br><br>vs.<br><br>Mayra Ruiz<br>aka Mayra Belen Ruiz<br>aka Mayra B Ruiz<br><br>Debtor.<br><br>John J. Martin,<br><br>Trustee. | |

**ANSWER TO MOTION
<u>FOR RELIEF FROM AUTOMATIC STAY</u>**

Debtor, Mayra Ruiz, by and through her undersigned counsel, hereby submits this answer to the Motion for Relief from Automatic Stay (the "Motion") and states as follows:

1. Admitted.

2. Admitted in part and denied in part. By way of further answer, Debtor's former spouse, Salvador Ruiz, remains an owner of the property as he was unwilling upon requests made prior to commencement of this case to deed the entire property to Debtor to permit loan modification applications to proceed. Salvador Ruiz is unnamed in this Motion. Salvador Ruiz received a chapter 7 discharge on July 26, 2016, in the United States Bankruptcy Court for the Southern District of New York, in a case filed to docket number 16-10725-mew.

3. Admitted.

4. Admitted in part and denied in part. Debtor is without sufficient information to form a belief as to the truth of the averments regarding assignment of the mortgage except by reference to the attachments to the Motion. Strict proof is demanded at trial.

5. Admitted.

6. Admitted. By way of further answer, Debtor is not required to make post-petition mortgage payments in this chapter 7 case.

7. Denied. Debtor is without sufficient information to form a belief as to the truth of the averment that the stated total amount necessary to reinstate the loan contractually is correct. Strict proof is demanded at trial.

8. Denied. Debtor is without sufficient information to form a belief as to the truth of the averment that the outstanding balance stated is correct. Strict proof is demanded at trial.

9. Denied. Debtor is without sufficient information to form a belief as to the truth of the averment stated in paragraph 9 of the Motion. Strict proof is demanded at trial.

10. Denied. Neither admitted nor denied. By way of further answer, the averment states a conclusion of law to which no responsive pleading is required. To the extent a response is required, the averment is denied and strict proof is demanded at trial.

WHEREFORE, the Debtor, Mayra Ruiz, respectfully requests that the Court deny the Motion for Relief and grant such other and further relief as it deems just and proper.

Respectfully submitted,

STEVEN R. SAVOIA, Attorney at Law

/s/ Steven R. Savoia
Attorney ID #92253
621 Ann Street; P.O. Box 263
Stroudsburg, Pennsylvania 18360
(570) 972-2060; Fax (570) 338-3499
Attorney for Debtor, Mayra Ruiz